THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN COSME RIVERA, Defendant and Appellant.

No. 8590. Argued March 4, 1941.—Decided March 5, 1941.

*Gaspar Rivera Cestero* and *José Pablo Morales,* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Ramón Cosme Rivera was sentenced by the District Court of Bayamón to six months in jail for a violation of Section 7 of Act No. 14 of 1936 ((2) p. 128), and he alleges, as the only basis for this appeal, that the trial court erred in weighing the evidence.

██ We have read the transcript of the evidence and therefrom it appears that as witnesses for The People two persons took the stand, Blasina Pérez and Julio Maldonado. The first is defendant's sister-in-law, who testified that on the day of the incident she saw her sister, defendant's wife, take a revolver from the drawer of a bureau and then saw defendant give her five bullets with which to load it, after which her sister put it in her bag and then went out with defendant. This witness further testified that the revolver belonged to the defendant. (T. of E. p. 2.) ·

The other witness, Julio Maldonado, testified that he knows the defendant, that he saw him on the 18th of February, and then went on saying:

"Q. Did you see something in his hand?

"A. He was in an alley in front of our house, under some trees *with a woman,* and I heard him firing.

"Q. Who?

"A. Ramón.

"Q. Did you see him firing?

"A. *Yes, sir.* I asked him: What is that, Ramón? And he answered: 'I am shooting this small revolver loaded with buckshot to scare those who are fighting.'" (Italics ours.)

When cross-examined, he testified that from his house to the tree where the defendant was, there is a distance of ten or twelve meters.·

Defendant admitted that he did not have any revolver registered according to law.

The evidence for the defense consisted in the testimony of the defendant and of Joaquín Berríos, Clerk of the Municipal Court of Toa Alta, who identified a judgment rendered by said court against the witness Blasina Pérez for an offense of contempt by perjury, with respect to a prosecution for carrying weapons against the same defendant, and testified further that said witness had stated under oath that she had not seen the defendant carrying a revolver.

Defendant, in his testimony, denied that he possessed a firearm which was not registered or that he was carrying a revolver that night. He stated further, that that night under the tree where Julio Maldonado said he saw him firing, what he did was to strike a match in order to light a cigarette, and that the shot was actually fired in the porch of Maldonado's house.

In the case of *People* v. *Delerme,* 51 P.R.R. 503, the following was decided: (We copy from the syllabus.)

"The testimony of a witness to the effect that the defendant fired a shot but that he did not see him fire, not being inconsistent with the fact that one who is in the neighborhood of a person — as the witness and the defendant were at the time of the shot—can realize from the sound that that person fired a shot, if believed, as in the instant case, is sufficient to support a conviction."

The evidence in the case at bar was contradictory and the trial judge believed that which was presented by the district attorney, deciding the conflict in the evidence against the defendant. We are of the opinion that the evidence for The People, if believed by the court, was sufficient to uphold the conclusion at which it arrived, and no bias, prejudice or partiality having been shown in the weighing of the evidence, the appeal must be dismissed.

The judgment appealed from is affirmed.

Mr. Justice Travieso took no part in the decision of this case.